UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
NAFTALI E. AUSCH,

                Plaintiff,

   -against-

U.S. DEPARTMENT OF JUSTICE,
WILLIAM BARR, in his official
capacity as Attorney General of the
United States, FEDERAL BUREAU OF
PRISONS, METROPOLITAN
DETENTION CENTER,

                Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 17-cv-2949 (FB)(PK)

*Appearances:*
*For the Plaintiff*:
ERIC R. STERN, ESQ.
135 East 57th Street, 12th Floor
New York, New York 10022

*For the Defendants*:
RICHARD P. DONOGHUE, ESQ.
United States Attorney
Eastern District of New York
By: SEAN P. GREENE, ESQ.
Assistant United States Attorney
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Plaintiff Naftali Ausch brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000(e) *et seq*., against the U.S. Department of Justice ("DOJ"), William Barr, in his official capacity as U.S. Attorney General, the Federal Bureau of Prisons ("BOP"), and the Metropolitan Detention Center ("MDC"). The defendants move to dismiss as to the DOJ, the BOP, and the MDC for lack of subject

1

matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). They also move to dismiss for failure to serve the defendants properly under Federal Rule of Civil Procedure 12(b)(5) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the defendants' motion is granted in part and denied in part.

## II.

For purposes of this motion, the Court must take as true all the allegations of the plaintiff's complaint and must draw all inferences in his favor. *See Weixel v. Board of Educ.*, 287 F. 3d 138, 145 (2d Cir. 2002). The Court may also consider "documents attached to the complaint as an exhibit or incorporated in it by reference" and "matters of which judicial notice may be taken." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). "[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). In deciding a motion to dismiss, the Court may also consider filings with administrative agencies upon which a plaintiff relies in establishing compliance with time limit requirements. *Holowecki v. Fed. Exp. Corp.*, 440 F.3d 558, 565 (2d Cir. 2006), *aff'd,* 552 U.S. 389 (2008). The following facts are presented accordingly.

The plaintiff is an Orthodox Jewish rabbi who worked as a chaplain at the MDC from June 2009 until the MDC terminated him in October 2015. Rabbi Ausch alleges that his immediate supervisor at the MDC, Chaplain Father David Barry, repeatedly discriminated against him on the basis of his religion. Starting in December 2012, Father Barry changed Rabbi Ausch's work schedule so that his hours interfered with his attendance at Jewish services. Rabbi Ausch further claims that he was discriminated and retaliated against when he was referred to the BOP's Office of Internal Affairs ("OIA") for an investigation because he did not comply with his command after the change in his work hours. Rabbi Ausch also alleges that Father Barry made antisemitic comments to Rabbi Ausch and other chaplains.

Following Father Barry's discriminatory behavior, Rabbi Ausch filed a complaint with the DOJ's Office of Equal Employment Opportunity ("EEO") on April 1, 2013, alleging religious discrimination and retaliation. The EEO investigated Rabbi Ausch's claims from May 13, 2013, until August 20, 2013. Rabbi Ausch filed a second complaint with the EEO on December 19, 2014. The EEO further investigated from February 11, 2015, to March 10, 2015. At Rabbi Ausch's request, the EEO consolidated the two complaints.

On October 28, 2015, the MDC terminated Rabbi Ausch. He requested that Administrative Judge ("AJ") Sirkin, the AJ on his EEO case, add a claim for discriminatory and retaliatory termination. She denied his request because he had

not sought EEO counseling in relation to that claim nor filed a complaint about it. On February 16, 2016, Rabbi Ausch, represented by counsel, filed a petition for an appeal with the Merit Systems Protection Board ("MSPB") regarding his termination. On February 18, 2016, the AJ on Rabbi Ausch's MSPB case, AJ Briody, issued a Timeliness Order requiring the parties to submit evidence regarding the appeal's timeliness because the deadline for filing a petition with the MSPB was November 27, 2015. AJ Briody dismissed Rabbi Ausch's MSPB appeal on April 25, 2016, because it was untimely and because he had not shown good cause for the delay. He did not seek an administrative appeal of the decision.

On February 14, 2017, the DOJ's Complaint Adjudication Office issued a final decision on his EEO claims, finding that Rabbi Ausch experienced no unlawful discrimination, retaliation, or harassment. On May 16, 2017, Rabbi Ausch filed a complaint in this action, alleging that he had experienced discrimination, harassment, and retaliation—including termination—in violation of Title VII at the MDC.

To summarize, Rabbi Ausch was terminated on October 28, 2015. He had 30 days, until November 27, 2015, to file an appeal regarding his termination with the MSPB. He filed his appeal on February 16, 2016. AJ Briody dismissed his appeal as untimely on April 25, 2016. That decision became final 35 days later, on May 30, 2016. Rabbi Ausch had 30 days, until June 29, 2016, to file an appeal regarding

4

his termination with this Court. He filed his complaint regarding both his termination as well as other discrimination and retaliation on May 16, 2017, nearly a year later.

### III.

#### A. Rule 12(b)(1)

In Title VII cases based on discrimination against federal employees, "the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c).

The defendants argue that the Court should dismiss the plaintiff's claims against the DOJ, the BOP, and the MDC because they are improper defendants. The Court agrees. Under § 2000e-16(c), the Attorney General is the only proper defendant here. Accordingly, the Court dismisses the plaintiff's claims against all other defendants.[1]

#### B. Rule 12(b)(5)

The defendants next argue that the Court should dismiss plaintiff's claims against Attorney General Barr under Federal Rule of Civil Procedure 12(b)(5) because he failed to serve Barr or his predecessors in a timely fashion. For the reasons stated below, the Court disagrees.

---

[1] The Court also substitute William Barr for Jeff Sessions. Fed. R. Civ. P. 25(d).

If a plaintiff fails to complete service of process on a defendant, the court lacks personal jurisdiction over that defendant. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Federal Rule of Civil Procedure 4(i)(2) provides:

> To serve . . . a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer or employee.

Further, to serve the United States, a party must serve the United States Attorney for the district where the suit is brought, as well as the Attorney General. *Id.* at 4(i)(1). Accordingly, to sue the Attorney General in his or her official capacity, a plaintiff would need to send a copy of the summons and complaint to the Attorney General and to the United States Attorney Office for the relevant district. *Id.* at 4(i)(1), (2).

The Federal Rules of Civil Procedure also provide, however, that a "court must allow a party a reasonable time to cure its failure to . . . serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States." *Id.* at 4(i)(4). Further, if a plaintiff exceeds the 90-day time limit for service, the court may order that service be made within a specified time. *Id.* at 4(m).

Here, Rabbi Ausch has not completed service of process upon Attorney General Barr. But, because he did serve the U.S. Attorney's office, the Court must allow him reasonable time to cure his failure. The Court, therefore, orders that Rabbi

Ausch serve the Attorney General within 30 days of this Order. Failure to serve the Attorney General properly within 30 days of this Order will result in dismissal of this case.

## C. Rule 12(b)(6)

The government argues that, even if Rabbi Ausch had properly served the Attorney General, the Court should dismiss his discriminatory and retaliatory termination claim because it is untimely, both before the MSPB and before this Court. They claim that Rabbi Ausch chose to pursue his administrative remedies with the MSPB but he failed to do so in a timely manner. For the reasons below, the Court agrees and dismisses the claims arising from his termination. His other discrimination and retaliation claims, however, may go forward.

### 1. Election of Forum

Before bringing a Title VII action before a federal court, a federal employee must exhaust administrative remedies. *Terry v. Ashcroft*, 336 F.3d 128, 150–51 (2d Cir. 2003). An employee claiming that he or she has experienced serious adverse employment actions because of discrimination on the basis of religion can exhaust administrative remedies in one of two ways. 29 C.F.R. § 1614.302. First, he or she can file a "mixed case complaint" with the agency's EEO. *Id.* § 1614.302(b). Alternatively, he or she can file a "mixed case appeal[]" with the MSPB. *Id.* The employee, however, cannot pursue both avenues—he or she must choose between

the two options, and "whichever is filed first shall be considered an election to proceed in that forum." *Id.* But "[a]n election to proceed [with an EEO action] is indicated only by the filing of a written complaint; use of the pre-complaint process . . . does not constitute an election for purposes of this section." *Id.* § 1614.301(a).

By bringing a case before an agency's EEO, an employee can exhaust administrative remedies on the claim described in the mixed case complaint, as well as claims "reasonably related" to the allegations in the complaint. *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1402 (2d Cir. 1993); *see Terry*, 336 F.3d at 151 (2d Cir. 2003). A claim is reasonably related to allegations in a mixed case complaint:

> 1) where "the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination'"; 2) where the complaint is "one alleging retaliation by an employer against an employee for filing an EEOC charge"; and 3) where the complaint "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge."

*Terry*, 336 F.3d at 151 (quoting *Butts*, 990 F.2d at 1402–03).

Here, Rabbi Ausch chose to redress his allegedly discriminatory and retaliatory termination by filing a mixed case appeal with the MSPB. He, therefore, elected to make the MSPB the forum for his termination claim rather than filing a third EEO complaint. That election was binding.

8

Rabbi Ausch claims that his termination is reasonably related to the allegations made in his mixed case complaint to the EEO regarding other discriminatory conduct he experienced working at the MDC. That may be true, but because he has elected to pursue his termination claim before the MSPB, the Court concludes that he may not now avail himself of the EEO process as well. *See Khalfani v. Sec'y, Dep't of Veterans Affairs*, No. 93-CV-5374 (JG), 1998 WL 765128, at *7 (E.D.N.Y. July 21, 1998) ("Although plaintiff's retaliatory discharge claim is reasonably related to the charges he made in his December 28, 1992, EEO complaint . . . by presenting the retaliatory discharge claim in his appeal to the MSPB prior to raising it in his first judicial complaint, the plaintiff elected the MSPB appeal as his remedy.").

### 2. Timeliness of Termination Claim

An employee bringing a mixed case appeal before the MSPB must file the appeal within 30 days of the adverse employment action. 5 C.F.R. § 1201.22(b). The MSPB can waive that deadline upon a showing of good cause. *Id.* § 1201.22(c). An employee seeking judicial review of a MSPB decision on discrimination must file the appeal within 30 days of receiving notice of a final MSPB decision. 5 U.S.C. § 7703(b)(2). An AJ's MSPB decision becomes final after 35 days if the employee does not seek review by the full MSPB. 5 C.F.R. § 1201.113.

Here, AJ Briody dismissed Rabbi Ausch's mixed case appeal to the MSPB because he filed it more than 30 days after his termination. Though she gave him an opportunity to show good cause for missing the deadline, Rabbi Ausch and his attorney stated only that they were confused by the appeals process. AJ Briody did not err by concluding that Rabbi Ausch had not shown good cause, given that his appeal rights—including the deadline—were laid out in the letter notifying him of his termination.

Nor did Rabbi Ausch file an appeal in this Court within the 30-day deadline following the dismissal of his MSPB appeal. That dismissal became final on May 30, 2016, 35 days after AJ Briody dismissed the mixed case appeal on April 25, 2016. He had 30 days, until June 29, 2016, to file an appeal with this Court. Yet he filed his appeal on May 15, 2017. His appeal to this Court is untimely as well.[2]

Accordingly, Rabbi Ausch's claim for discriminatory and retaliatory termination is dismissed. Even if he does properly serve the Attorney General, dismissal is proper under Rule 12(b)(6) for that claim because it is untimely. *See DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 67 (S.D.N.Y. 2010) (granting defendant's partial motion to dismiss under Rule 12(b)(6), but denying defendant's motion to dismiss under Rule 12(b)(5), and allowing plaintiff to complete service of

---

[2] Rabbi Ausch has not argued that he is entitled to equitable tolling and the Court does not address it.

process). He may proceed with his remaining discrimination and retaliation claims—arising out of his work schedule changes, referral to OIA, and harassment—after completing service of process upon the Attorney General.

**IT IS SO ORDERED.**

                                              /S/ Frederic Block_____
                                              FREDERIC BLOCK
                                              Senior United States District Judge

March 25, 2019
Brooklyn, New York